UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 16 CR 561 |
| | ) | |
| DANIEL GONZALEZ-MUNGUIA, | ) | |
| aka "Alejandro Vasquez" | ) | |

## GOVERNMENT'S MOTION TO RESET OCTOBER 6, 2025, SENTENCING DATE

The United States of America, by ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, respectfully moves this Court for the entry of an order resetting the October 6, 2025, sentencing date in this matter, to accommodate the attendance of the mother of the 16-year-old victim who was described in the factual basis of the defendant's plea agreement and in the Government's sentencing submission. In support of this motion, the Government states as follows:

1.     Sentencing in this case was recently reset to October 6, 2025.

2.     Government counsel has been in contact with the mother of the victim, who has expressed an interest to attend sentencing in this matter in person. However, the mother recently informed the undersigned's victim witness staff that she has a conflict and cannot appear in person on October 6, 2025. She requested that the undersigned check if her appearance could be by video link, rather than in person. She resides in California. She expressed interest in reading a victim impact statement.

3.     After learning of the scheduling issue, Government counsel contacted defense counsel to ask if arrangements could be made for a video link to enable the mother to attend the sentencing and read her victim impact statement. Counsel did not agree to proceed in that manner at that time. Counsel also indicated that he would be filing a pleading on the issue. Subsequently,

counsel filed Dkt. 80, a supplemental sentencing memorandum in which, among other things, defendant challenges the mother's status as a victim and objects to the Court's consideration of any victim impact testimony as it relates to the 16-year-old. *See* Def. Supp. Memo, Dkt. 80 at 8. Moreover, although defendant admitted to these facts during his change of plea colloquy, both orally and in writing (s*ee* Plea Agreement, Dkt. 70 at 5), defendant now suggests that the 16-year-old's death "is entirely unrelated to Mr. Gonzalez-Munguia." Def. Supp. Memo at 8.

4.  Because counsel requested medical or other records reflecting the 16-year-old's hospitalization and the serious bodily injury that resulted from the offense conduct, the undersigned contacted the mother, and the mother arranged for the compilation of several medical records related to her son's hospitalization in June 2019. Today, the undersigned also obtained a paramedic report reflecting the family's discovery of the 16-year-old after he ingested pentobarbital that day. These records were disclosed to counsel yesterday and today. The records establish by a preponderance of the evidence that the hospitalization involved a coma and reflect that the defendant's drug distribution activity resulted in a serious bodily injury to the 16-year-old.

5.  With respect to the mother, the Government views her as a victim in this matter, much like any parent of a child or a family member who experience issues after a loved one experiences a drug overdose. Put another way, the mother is a person directly and proximately harmed as a result of the defendant's drug distribution activity. Moreover, the deaths of others are in fact the direct and proximate result of defendant's involvement in a conspiracy to distribute the suicide drug with others, including Individuals A and B, and those who died as a result of defendant's drug distribution activities are to be considered statutory victims under both the CVRA and MVRA.  Their family or other representative would be entitled to all rights under the CVRA, including the right to be heard at sentencing.  To assess the negative effects on the mother and how

she has been victimized, one need only read the victim impact statement that she prepared, which was received and disclosed yesterday as well. Other victim impact statements similarly attest to the grievous harm that defendant has caused their respective family members.

6.     Given the issues raised in defendant's supplemental motion, counsel's 09/29/25 email to the courtroom deputy, and the aforementioned scheduling issues involving the mother of the 16-year-old, the undersigned respectfully moves the Court to reset the sentencing date to a date at which the mother and other individuals who provided victim impact statements can attend and potentially read their statements to the Court. The Court could also assess whether a hearing is needed to determine the other issues raised above by defendant in his supplemental sentencing memorandum.

WHEREFORE, the United States of America respectfully ask this Court to grant this motion to reset the October 6, 2025, sentencing date.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By:     /s/ *Kartik K. Raman*
KARTIK K. RAMAN
Assistant U.S. Attorney
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604
(312) 469-6026
Dated: September 30, 2025                 *kartik.k.raman@usdoj.gov*